IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | | |
|---|---|---|
| DOUGLAS JOHLL, | ) | |
| | ) | |
| Plaintiff, | ) | 3:14-cv-00060 |
| | ) | |
| v. | ) | |
| | ) | |
| PREMIER RECOVERY GROUP, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

NOW COMES the Plaintiff, DOUGLAS JOHLL, by and through his attorneys, SMITHMARCO, P.C., and for his Complaint against the Defendant, PREMIER RECOVERY GROUP, INC., the Plaintiff states as follows:

### I.   PRELIMINARY STATEMENT

1.  This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II.   JURISDICTION & VENUE

2.  Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3.  Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III.   PARTIES

4.  DOUGLAS JOHLL, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Lancaster, County of Grant, State of Wisconsin.

5.  The debt that Plaintiff was allegedly obligated to pay was a debt allegedly owed by Plaintiff to Cash Net USA (hereinafter, "the Debt").

6. The debt that Plaintiff allegedly owed Cash Net USA was for a payday loan, the proceeds of which were for the personal use of Plaintiff and/or used for household expenditure.

7. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8. PREMIER RECOVERY GROUP, INC., (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Wisconsin. Defendant is incorporated in the State of New York.

9. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

10. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

11. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

12. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

13. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## IV.   ALLEGATIONS

14. In or around November 2013, Defendant initiated a telephone call to Plaintiff and left a voicemail message for Plaintiff in an attempt to collect the Debt.

15. Defendant's aforesaid telephone call to Plaintiff was the initial communication between Plaintiff and Defendant relative to the Debt.

16. During the course of the aforesaid voicemail message to Plaintiff, Defendant apprised Plaintiff that there was a pending civil lawsuit filed against his social security number.

17. Defendant's aforesaid statement had the effect of conveying to an unsophisticated consumer that Defendant had filed a lawsuit against Plaintiff relative to the Debt.

18. Upon information and belief, Defendant has not filed a lawsuit against Plaintiff for the Debt.

19. Upon information and belief, at the time of making the aforementioned threat, Defendant had no intention of filing a lawsuit against Plaintiff for the Debt.

20. Upon information and belief, Defendant has no authority to file a lawsuit against Plaintiff for the Debt.

21. Upon information and belief, at the time of making the aforementioned threat, Defendant had no authority to file a lawsuit against Plaintiff for the Debt.

22. During the course of the aforesaid voicemail message to Plaintiff, Defendant failed to advise Plaintiff that it was a debt collector, that it was attempting to collect a debt and that any information obtained would be used for that purpose.

23. In or around November 2013, Defendant initiated a telephone call to Plaintiff's mother and proceeded to leave a voicemail message for her.

24. During the course of the aforesaid voicemail message to Plaintiff's mother, Defendant apprised her that there was a pending civil lawsuit filed against Plaintiff's mother's social security number.

25. Defendant's aforesaid statement to Plaintiff's mother was false, deceptive and misleading given that at the time of the aforesaid statement, no lawsuit had been filed against Plaintiff's mother or Plaintiff for the Debt.

26. During the course of the aforesaid voicemail message, Defendant failed to advise Plaintiff that it was a debt collector, that it was attempting to collect a debt and that any information obtained would be used for that purpose.

27. In or around November 2013, subsequent to listening to Defendant's aforesaid voicemail message to Plaintiff's mother, Plaintiff's mother initiated a telephone call to Defendant.

28. During the course of the aforementioned telephone conversation, Defendant told Plaintiff's mother that her son owed a debt and that was the reason Defendant had initiated a telephone call to her.

29. During the course of the aforementioned telephone conversation, Defendant told Plaintiff's mother that she needed to pay the Debt in full or arrange a payment plan relative to the Debt and that if she failed to do either, Defendant would garnish her son's wages.

30. At the time Defendant made the aforementioned threat to have Plaintiff's wages garnished, no lawsuit had been filed against Plaintiff for the Debt.

31. At the time Defendant made the aforementioned threat to have Plaintiff's wages garnished, no judgment had been entered against Plaintiff for the Debt.

32. The debt allegedly owed by Plaintiff is not a debt that can proceed to garnishment without Defendant first having secured a judgment against Plaintiff for the alleged debt.

33. Defendant's aforesaid statement to Plaintiff's mother that it would garnish her son's wages if she failed to pay the Debt was false, deceptive and misleading given that at the time of the aforesaid statement, no lawsuit had been filed against Plaintiff for the Debt.

34. Subsequent to aforesaid telephone conversation between Plaintiff's mother and Defendant, Defendant continued to initiate telephone calls to her in an attempt to collect the Debt.

35. In or around December 2013, Defendant initiated a telephone call to Plaintiff's brother and proceeded to leave a voicemail message for him.

36. During the course of the aforesaid voicemail message to Plaintiff's brother, Defendant apprised Plaintiff's brother that there was a pending civil lawsuit filed against his social security number.

37. Defendant's aforesaid statement to Plaintiff's brother was false, deceptive and misleading given that at the time of the aforesaid statement, no lawsuit had been filed against Plaintiff's brother or Plaintiff for the Debt.

38. In or around December 2013, subsequent to listening to Defendant's aforesaid voicemail message to Plaintiff's brother, Plaintiff's brother initiated a telephone call to Defendant.

39. During the course of the aforementioned telephone conversation, Defendant told Plaintiff's brother that Plaintiff owed a debt and that was the reason Defendant had initiated a telephone call to him.

40. During the course of the aforementioned telephone conversation, Defendant asked Plaintiff's brother whether he knew Plaintiff and attempted to verify Plaintiff's contact information with Plaintiff's brother.

41. When Plaintiff's brother refused verify Plaintiff's contact information with Defendant, Defendant instructed Plaintiff's brother to convey to Plaintiff that he needed to contact Defendant immediately.

42. In or around December 2013, Defendant initiated a telephone call to Plaintiff's wife.

43. Plaintiff's wife answered Defendant's telephone call.

44. During the course of the telephone conversation between Defendant and Plaintiff's wife, Defendant disclosed that Plaintiff owed a debt.

45. Plaintiff's wife informed Defendant that she would not pay the Debt until Defendant sent her documents to validate the Debt.

46. Defendant told Plaintiff's wife that it would not send her any documents relative to the Debt and assured Plaintiff's wife that it was a legitimate company.

47. When Defendant asked Plaintiff's wife to verify some information regarding Plaintiff, she refused and terminated the telephone call.

48. Defendant has not provided to Plaintiff, within five (5) days of its initial communication to collect the alleged debt, with written confirmation of the amount of the debt, the name of the creditor to whom the debt is allegedly owed or a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

49. In its attempts to collect the debt allegedly owed by Plaintiff to Cash Net USA, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

    a. Communicated in connection with the collection of any debt with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector in violation of 15 U.S.C. §1692c(b);

    b. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

    c. Threatened to take action that cannot legally or is not intended to be taken in violation of 15 U.S.C. §1692e(5);

    d. Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10);

    e. Failed to disclose in communications that said communication was from a debt collector and that any information obtained during the communication will be used for the purpose of collecting a debt in violation of 15 U.S.C. §1692e(11);

    f. Failed to comply with the provisions of 15 U.S.C. §1692g(a); and,

    g. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

50. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## V.    JURY DEMAND

51. Plaintiff hereby demands a trial by jury on all issues so triable.

## VI.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff, DOUGLAS JOHLL, by and through his attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

    a.    All actual compensatory damages suffered;

    b.    Statutory damages of $1,000.00;

    c.    Plaintiff's attorneys' fees and costs;

    d.    Any other relief deemed appropriate by this Honorable Court.

    Respectfully submitted,
    **DOUGLAS JOHLL**

By:   s/ David M. Marco
      Attorney for Plaintiff

Dated: January 30, 2014

David M. Marco (Atty. No.: 6273315)
SMITHMARCO, P.C.
205 North Michigan Avenue, Suite 2940
Chicago, IL 60601
Telephone: (312) 546-6539
Facsimile: (888) 418-1277
E-Mail: dmarco@smithmarco.com