IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DOUGLAS JOHLL,

                Plaintiff,                OPINION & ORDER

v.

                                              14-cv-60-wmc

PREMIER RECOVERY GROUP, INC.,

                Defendant.

---

On January 30, 2014, plaintiff Douglas Johll filed this civil suit alleging that defendant Premier Recovery Group, Inc. violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, in connection with the collection of a debt by: (1) communicating with his mother, brother and others; (2) using false, deceptive, misleading and unfair or unconscionable means; (3) threatening to take action that it cannot legally take; and (4) failing to disclose that it was a debt collector. (Compl. (dkt. #1). Defendant was served with the summons and complaint on February 12, 2014 (dkt. #4), making the answer due on or before March 5, 2014. To date, defendant has failed to appear, answer, or otherwise defend this lawsuit. On March 18, 2014, the clerk of court entered default. (Dkt. #7.) Before the court now is plaintiff's motion for default judgment (dkt. #8), which the court will grant.

The court held a hearing on plaintiff's motion on April 16, 2014, with defendant once again failing to appear or contest the matter. Because default was entered against defendant, the court accepts as true all of the factual allegations in the complaint, except those relating to damages. *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004). In his motion

for default judgment, plaintiff seeks a default judgment in the total amount of amount of $12,077.50, representing $1,000.00 in statutory damages, $7,500.00 in actual damages, $3,112.50 in attorney's fees, and $465.00 in court costs. (Dkt. #8-3.)

Title 15 U.S.C. § 1692k describes the relief available in a civil action for violations of the FDCPA and provides in pertinent part:

> (a) Amount of damages
>
> Except as otherwise provided by this section, any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of--
>
> **(1)** any actual damage sustained by such person as a result of such failure;
>
> **(2)(A)** in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000; . . . and
>
> **(3)** in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court.

Plaintiff seeks the maximum amount of statutory damages of $1,000. Section 1692k(b) provides certain factors the court should consider in determining the amount of statutory damages, including: "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional." 15 U.S.C. § 1692k(b). Accepting the allegations in the complaint as true, defendant (1) misrepresented that a lawsuit had been filed against Johll's social security number (Compl. (dkt. #1) ¶¶ 16-21); (2) failed to disclose that it was a debt collector (*id.* at ¶ 22); and (3) placed calls to plaintiff's mother and brother

stating that defendant had filed a lawsuit against their respective social security numbers because of plaintiff's alleged debt (*id.* at ¶ 24, 36). This conduct, when coupled with plaintiff's representations in his affidavit filed in support of the present motion, leads the court to find the maximum statutory damages award of $1,000.00 is appropriate.

In addition, plaintiff has submitted an affidavit which describes calls from defendant, including representations that there was a "pending civil lawsuit filed against my social security number." (Douglas Johll Affidavit ("Johll Aff.") (dkt. #10) ¶ 5.) Johll also recounts calls PRG placed to his mother, brother, wife, and ex-girlfriend's mother. (*Id.* at ¶ 7-10.) These calls were very upsetting to Johll. He felt that defendant had violated his privacy by discussing his personal, financial issues with others. In particular, Johll was mortified that defendant called his ex-girlfriend's mother. Johll was also concerned about defendant's calls while he was at work, and whether the calls would upset his boss. Based on this, Johll seeks $7,500 in actual damages. Given this record, the court also finds an award of $7,500 to compensate Johll for the emotional distress caused by defendant's actions appropriate.

Finally, plaintiff seeks attorney's fees and costs of prosecuting this action. Section 1692k(a)(3) allows for an award of both. Plaintiff's counsel submitted an affidavit and time records demonstrating 12.5 hours of attorney or paralegal time at rates ranging from $115 per hour to $395 per hour, for total fees of $3,112.50. (Affidavit of David Marco (dkt. #9); Mot. for Default J., Ex. B (dkt. #8-2).) While the high end of the rates are high, the court finds the amount of fees requested overall are reasonable and well-documented. Plaintiff also seeks reimbursement of the filing fee of $400.00 and the cost

3

of service of $65.00. (*Id.*) Accordingly, the court will also award attorney's fees and costs in the total amount of $3,577.50.

## ORDER

IT IS ORDERED that:

1) plaintiff Douglas Johll's motion for default judgment (dkt. #8) is GRANTED;

2) the clerk of court is directed to enter judgment in favor of plaintiff Douglas Johll and against defendant Premier Recovery Group, Inc. in the total amount of $12,077.50; and

3) the clerk of court shall close this action.

Entered this 16th day of April, 2014.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge